UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 19-cv-62447-GAYLES/STRAUSS

**JOSEPH FISCHER,**

    Plaintiff,

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION
and JPMORGAN CHASE BANK, N.A.,**

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss, [ECF No. 13], and Defendants' Motion for Sanctions, [ECF No. 22], (collectively, the "Motions"). The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons that follow, Defendants' Motion to Dismiss is granted and their Motion for Sanctions is denied.

### I.    BACKGROUND[1]

Plaintiff brings this action against Defendants, alleging that Defendant JPMorgan Chase Bank, N.A. ("Chase") falsely reported to credit bureaus that Plaintiff was late and in default on his mortgage. [ECF No. 8]. In December 2003, Plaintiff obtained funding from Defendant Federal National Mortgage Association ("FNMA")[2] to finance the purchase of an investment property through the security of a mortgage on a promissory note. *Id.*, ¶ 12. While Chase was servicing Plaintiff's loan, it collected and escrowed funds and was required to remit payment for taxes and

---

[1] As the Court is proceeding on a motion to dismiss, it accepts as true Plaintiff's allegations in his Amended Complaint. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.").

[2] Plaintiff alleges that FNMA is liable because Chase acted directly under FNMA's supervision and control. [ECF No. 8, ¶ 12].

insurance on the property. *Id.*, ¶ 13. At some unidentified point, Chase stopped timely remitting taxes to the county and failed to do so for several years, even though Plaintiff had always made timely payments to Chase. *Id.*, ¶ 15. In 2010, Chase began falsely claiming that Plaintiff's account was late and in default because Plaintiff had failed to "pay the amounts requested to cover an escrow shortage that Chase claimed had existed." *Id.*, ¶ 16. Plaintiff informed Chase that it had made an error and that there was no escrow shortage, but Chase continued reporting Plaintiff as late until at least August 2017. *Id.*, ¶¶ 17, 27. As a result, Plaintiff's credit rating dropped "from over 800 to somewhere in the 500 score range." *Id.*, ¶ 22.

On September 4, 2019, Plaintiff filed a complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. [ECF No. 1-1 at 2–10]. Defendants removed the case on October 1, 2019, [ECF No. 1], and filed their first Motion to Dismiss the next day, [ECF No. 4]. On October 18, 2019, Plaintiff filed an Amended Complaint against Defendants, alleging three state-law claims: (1) breach of implied covenant of good faith and fair dealing, (2) negligence, and (3) willful negligence. [ECF No. 8]. In light of Plaintiff's Amended Complaint, the Court denied as moot Defendants' first Motion to Dismiss. [ECF No. 9]. On October 31, 2019, Defendants filed a second Motion to Dismiss. [ECF No. 13]. On December 3, 2019, Defendants filed their Motion for Sanctions. [ECF No. 22].

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that

states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

### III.  DISCUSSION

Plaintiff's claims must be dismissed because they are preempted by the Fair Credit Reporting Act ("FCRA"). "The FCRA is a comprehensive statutory scheme designed to regulate the consumer reporting industry." *Ross v. Fed. Deposit Ins. Corp.*, 625 F.3d 808, 812 (4th Cir. 2010) (citing 15 U.S.C. § 1681(a)). In 1996, Congress added to the FCRA "a strong preemption provision, 15 U.S.C. § 1681t(b)," *id.*, at 813, which, in pertinent part, provides that:

> "[n]o requirement or prohibition may be imposed under the laws of any State . . . (1) with respect to any subject matter regulated under . . . (F) [§] 1681s-2[3] of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies [("CRAs").]"

§ 1681t(b)(1)(F) (alterations added). Here, the crux of Plaintiff's claims—that Defendants falsely reported Plaintiff late and in default on his loan payments—clearly "runs into the teeth of [§ 1681t(b)(1)(F),]" *Ross*, 625 F.3d at 813, because it directly relates to Defendants' credit reporting responsibilities. Accordingly, the FCRA governs and preempts Plaintiff's state-law claims. *See e.g.*, *Celestine v. JP Morgan Chase Bank, N.A.*, No. 1:17-CV-20915-KMM, 2018 WL 2316665, at *3 (S.D. Fla. May 11, 2018) (citing *Ross* and holding claims preempted by FCRA), *appeal dismissed sub nom. Celestine v. JPMorgan Chase Bank, N.A.*, No. 18-12384-EE, 2018 WL 6524368 (11th Cir. Sept. 25, 2018).

---

[3] Section 1681s-2, explains that a "person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." § 1681s-2(a)(1)(A). "The term 'person' means any . . . corporation, . . . association, . . . or other entity." § 1681a (alterations added).

3

Plaintiff persists, arguing that his claims still survive under § 1681h(e) because they are based on Defendants' intentional misreporting to the credit bureaus. The Court disagrees. "Adopted in 1970 as part of the original FCRA," § 1681h(e) is a "more limited preemption provision" than § 1681t(b)(1)(F). *Carruthers v. Am. Honda Fin. Corp.*, 717 F. Supp. 2d 1251, 1255 (N.D. Fla. 2010). In *Carruthers*, the court discussed three approaches to reconciling § 1681t(b)(1)(F) and § 1681h(e) and held that the "total-preemption approach" rightly holds that the FCRA preempts all state-law claims "against a furnisher arising from a requirement or prohibition imposed by state law[.]" *Id.* at 1255–58. The Court agrees and finds that § 1681t(b)(1)(F) is "broad enough" to preclude Plaintiff's claims. *Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1003 (11th Cir. 2008) (declining to address whether § 1681t(b)(1)(F) also precluded claims that were preempted by § 1681h(e)).

Even so, Plaintiff failed to allege facts sufficient to infer that his claims fall under the scope of § 1681h(e). To qualify for § 1681h(e)'s preemption exception, a plaintiff must first demonstrate that his claims are either (1) "based on information disclosed pursuant to [§] 1681g, 1681h, or 1681m[,]" or (2) "based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report." *Ross*, 625 F.3d at 814. Then, a plaintiff must prove that the defendant furnisher reported false information with "malice or willful intent to injure" the consumer. *Id.* (citing § 1681h(e)).

Plaintiff's claims are not "based on information disclosed pursuant to [§] 1681g, 1681h, or 1681m because these apply only to CRAs and users of consumer reports," and Plaintiff neither alleges that Defendants are CRAs nor that they are "user[s] of consumer reports vis-à-vis" Plaintiff. *Davidson v. Capital One, N.A.*, No. 14-20478-CIV, 2014 WL 3767677, at *4 (S.D. Fla. July 31, 2014) (internal quotations omitted) (citing *Ross*, 625 F.3d at 814). Furthermore, Plaintiff neither alleges that Defendants "used [Plaintiff's] consumer report nor took adverse action based on

information in [his] report or information disclosed by a user." *Ross*, 625 F.3d at 814 (citing § 1681h(e)). As such, § 1681h(e) is inapplicable here.

Additionally, the Court denies Defendants' Motion for Sanctions because Plaintiff's claims are not "objectively frivolous" under Rule 11 of the Federal Rules of Civil Procedure in view of the facts and the law. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

### IV.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss [ECF No. 13] shall be **GRANTED**;
2. Defendants' Motion for Sanctions [ECF No. 22] shall be **DENIED**; and
3. Plaintiff's Amended Complaint [ECF No. 8] shall be **DISMISSED with prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of February, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE